BOYD, Justice,
concurring in part and dissenting in part.
I concur with the majority opinion adopting most of the Karl Committee’s recommendations and promulgating the amendments to articles II and XI of the Integration Rule. However, I dissent from the majority’s rejection of two of the proposals.
I find merit in the committee’s proposed rule 11.02(4)(e) pertaining to random audits of lawyers’ trust accounts, which the majority opinion rejects. The committee’s notes and comments on the proposed changes say the following about this proposed rule: “The provision of in-house auditors and authority for spot audits is expected to substantially improve the degree of compliance with trust accounting procedures and reduce trust fund defalcations. These auditors are subject to the confidentiality rule.”
I recognize that random audits, conducted without any showing of cause for inquiry, may in principle be highly offensive to many lawyers. This bitter pill, however, may be just what we need to deter unethical conduct with regard to clients’ funds. I am convinced from my years of experience participating in this Court’s exercise of its exclusive jurisdiction over the discipline of lawyers, that such unethical conduct starts out small, and then grows.* That is, a lawyer may first “borrow” from his trust account to deal with a minor cash-flow emergency, not intending to deprive the client of his property. But such a pattern of conduct can and frequently does ultimately harm clients. Random audits can help lawyers resist the temptation and can terminate such a pattern of conduct when it is still in the small-scale, “borrowing” stage.
As proposed by the committee, however, the rule lacks necessary safeguards. There must be safeguards to prevent the revelation of matters pertaining to clients’ affairs and all matters within, the scope of the lawyer-client relationship. Although proposed rule 11.02(4)(e)(iii) provides that “audit reports shall be forwarded to staff counsel on a confidential basis,” I believe that there is a need for an explicit statement that auditors employed by The Florida Bar who violate confidentiality may be found to be in contempt of this Court.
A further condition that should accompany the promulgation of a rule authorizing random audits is that such authority should only operate prospectively. That is, such audits should pertain only to trust funds received or disbursed, and transactions effected, subsequent to the effective date of a new rule providing for same. Authority for random audits should not apply to the lawyers’ records of trust funds that have been disbursed to clients or paid to their nominees prior to the effective date of the rule. Such a qualification would prevent unnecessary expenditure of time and labor and interference in the internal affairs of law offices. Authority for random audits, not based on any probable cause for inquiry, would be a drastic change in the Integration Rule. Confining its scope to trust *38 account transactions arising subsequent to the effective date of the rule, after which all lawyers would be on notice of their liability to audit, would seem to be required by fundamental fairness. Despite these reservations, I dissent from the total rejection of random audits.
Proposed rule 11.13(1) provides time standards to effect speedy determinations of probable cause and speedy trials. The proposed rule would require grievance committees to make findings of probable cause within ninety days, with the time period running from thirty days after receipt of written charges or from the date of the first grievance committee meeting following the receipt of charges. The rule would further require that trial be commenced within ninety days of the day after the date of the filing of the formal complaint. Extensions of these time periods in exceptional circumstances are provided for. Much of the difficulty we are experiencing under the present system of discipline stems from the unreasonable delays that have occurred in many cases prior to their reaching this Court. The proposed rule is well adapted to the alleviation of this problem. I dissent from the rejection of proposed rule 11.13(1).
With the foregoing exceptions, I concur with the majority opinion.

 Trust account difficulties are predominant among the causes of disciplinary proceedings. In re Interest on Trust Accounts, 356 So.2d 799 (Fla.1978), n. 17 at 801.